UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDOS GRAY, JR., | No. 2: 16-cv-1172 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, defendants are ordered to file a response to plaintiff's pending motion for injunctive relief.

Plaintiff is incarcerated at the Sacramento County Jail. In the complaint, filed May 31, 2016, plaintiff alleges that he has been denied a Kosher diet since his arrival at the Sacramento County Jail in September 2015. (ECF No. 1.) Plaintiff alleges that he has suffered medical problems as a result of being denied a Kosher diet. The court has separately ordered service of defendants Director of Correctional Ministries Toliver, Patient Grievance Coordinator Gonzales and Jail Medical Director Nugent.

On May 31, 2016, plaintiff also filed a motion for injunctive relief. (ECF No. 3.) In this motion, plaintiff requests that defendants be ordered to provide him with a Kosher diet, access to a religious chapel, access to religious books and not to cell with him with inmates who are not of

1

his Yahweh religion.

As indicated above, the court has ordered service of defendants, but they have not yet been served with process. Usually, persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith v. Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs "necessary and appropriate in aid of their jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

In the complaint, plaintiff alleges that he has suffered serious health problems as a result of not receiving his Kosher diet, including hospitalizations. The court is concerned that it will lose jurisdiction of this action if plaintiff is unable to prosecute it due to health problems caused by his alleged failure to receive a Kosher diet. For this reason, pursuant to the All Writs Act, defendants are ordered to file a response to plaintiff's motion for injunctive relief. Defendants shall address whether plaintiff is receiving a Kosher diet and, if not, why not.

Plaintiff's complaint contains no claims alleging denial of access to a religious chapel, religious books or adequate cellmates. Accordingly, defendants are not required to respond to these claims in the pending motion for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Toliver, Gonzales and Nugent shall file a response to plaintiff's motion for injunctive relief (ECF No. 3) within twenty-one days of this order;

2. The Clerk of the Court shall serve a copy of this order and a copy of plaintiff's motion for injunctive relief (ECF No. 3) on defendants at the following address: Sacramento County Jail, 651 I Street, Sacramento, California, 95814;

////

3.  The Clerk of the Court shall serve a copy of this order and plaintiff's motion for injunctive relief (ECF No. 3) on Sacramento County Counsel, 700 H Street, Suite 2650, Sacramento, California, 95814.

Dated:  October 21, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Gray1172.inj

3